UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
A.G., an infant under the age of fourteen (14)
years, by his mother and natural guardian,
Villona Maryash, and VILLONA MARYASH,
individually,

        REPORT AND
        RECOMMENDATION

                  Plaintiffs,

        10 CV 4185 (NGG)(RML)

   -against-

STARBUCKS COFFEE COMPANY,

                  Defendant.
--------------------------------------------------------X

LEVY, United States Magistrate Judge:

        This case was removed from New York State court in September 2010. Plaintiff Villona Maryash ("Maryash") brought this action individually and on behalf of her infant son, A.G., for injuries allegedly sustained on October 9, 2009 at a Starbucks store on 86th Street in Brooklyn, New York. (See Complaint, dated June 22, 2010.) On December 16, 2010, I conducted an initial conference, at which plaintiffs appeared by counsel, and set a discovery deadline of August 31, 2011.

        On May 19, 2011, with her attorneys' consent, I granted Maryash's motion to terminate plaintiffs' counsel and gave her until September 30, 2011 to obtain new counsel. I also extended the discovery deadline to February 29, 2012 and scheduled a status conference for October 12, 2011 at 11:00 a.m. In a separate order, I advised plaintiffs that:

> Plaintiff Villona Maryash is permitted to proceed without an attorney, if she wishes. However, the child A.G. CANNOT continue his case without a lawyer. The law requires that minors be represented by an attorney. Failure to obtain counsel by 9/30/11 may result in the dismissal of plaintiff A.G.'s claims. Plaintiff's prior attorney is directed to serve a copy of this Order on Ms.

>Maryash and to explain what is required to continue A.G.'s claims
>in this court.

(Order, dated May 20, 2011.)

On October 12, 2011, Maryash failed to appear in court. My order of that date noted that Maryash had not requested an adjournment, that Maryash was present in court on May 19, 2011 when the conference was scheduled, and that no attorney had filed a notice of appearance for the infant A.G., despite the court's express directive to do so by September 30, 2011 on pain of possible dismissal of plaintiff A.G.'s claims. My order further advised Maryash that A.G.'s claims would likely be dismissed if an attorney did not file a notice of appearance in this case on A.G.'s behalf on or before October 31, 2011. Finally, my order stated that a conference was scheduled for November 3, 2011 at 2:30 p.m., that "Ms. Maryash MUST ATTEND IN PERSON if she wishes to continue this lawsuit," and that her failure to appear would result in a recommendation that plaintiffs' claims be dismissed. (See Order, dated Oct. 12, 2011.) Copies of that order were mailed to Maryash at the address she provided to the court by letter dated April 29, 2011, and at a second address; both were returned as undeliverable.

On November 3, 2011, Maryash again failed to appear or to request an adjournment, despite the court's warning that her failure to appear would result in a recommendation that this lawsuit be dismissed. To date, no attorney has filed a notice of appearance for the infant A.G., despite the court's repeated directive to do so and the extension of the filing deadline to October 31, 2011.

Since Maryash has apparently abandoned this case, I respectfully recommend that it be dismissed for lack of prosecution. Objections to this Report and Recommendation must be

filed within fourteen (14) days, with courtesy copies to Judge Garaufis and to my chambers, in order to preserve appellate review. See 28 U.S.C. § 636(b)(1).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      November 15, 2011